# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jennifer Bowyer,**
**Petitioner Below, Petitioner**

vs) **No. 14-0261** (Kanawha County 13-AA-126)

**Fayette County Board of Education,**
**Respondent Below, Respondent**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jennifer Bowyer, by counsel John Everett Roush, appeals the January 24, 2014, order of the Circuit Court of Kanawha County affirming the decision of the West Virginia Public Employees Grievance Board ("Grievance Board"), denying petitioner's grievance. The Fayette County Board of Education ("the board"), by counsel Rebecca Tinder, responds in support of the circuit court's order and the Grievance Board's decision. Ms. Bowyer contends that it was error for the lower tribunal to affirm the board's decision finding that Ms. Bowyer was not entitled to placement in one of two aide/autism mentor positions at New River Elementary School for the summer of 2012.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

On March 22, 2012, the board posted, for bidding, two itinerant special education supervisory aide/autism mentor positions at New River Elementary School for the 2012 special education extended summer year ("ESY") program. The duties for these positions included assisting children getting on/off the bus and eating breakfast, supervising the playground at recess and breaks, escorting and assisting children with mobility issues, and working with children with autism. Ms. Bowyer, along with other board employees, applied for one of the aide/autism mentor positions. On May 7, 2012, the board filled both aide/autism mentor positions and selected applicants other than Ms. Bowyer.

On May 26, 2012, Ms. Bowyer filed a grievance with the West Virginia Public Employees Grievance Board in which she alleged that the aide/autism mentor positions were awarded to other applicants in violation of West Virginia Code §§ 18-5-39 and 18A-4-8b. An evidentiary hearing was held and, on August 2, 2012, Ms. Bowyer's grievance was denied by

1

written decision. In that decision, the board noted that one of the applicants who was selected for the aide/autism mentor positon held that same position the previous summer. Accordingly, pursuant to West Virginia Code § 18-5-39(f), it was proper for that employee to retain the aide/autism mentor position the succeeding summer. The board also ruled that its decision to place another applicant, who held more seniority in the aide classification than Ms. Bowyer, in the aide/autism mentor position was not arbitrary and capricious. Although Ms. Bowyer was qualified for the aide/autism mentor position and held the most seniority in the autism mentor classification, the board was permitted to award the position to the candidate with the greatest seniority in any one of the classification titles comprising the aide/autism mentor position, including the candidate who had the most seniority in the aide classification.

In response to the board's August 2, 2012, decision, Ms. Bowyer filed a level two grievance, which was unsuccessfully mediated on December 17, 2012. On December 20, 2012, Ms. Bowyer filed a level three grievance. A Grievance Board administrative law judge ("ALJ") held an evidentiary hearing and, on August 22, 2013, entered its order denying Ms. Bowyer's grievance. The ALJ ruled that the board's decision in filling the aide/autism mentor positions anticipated that the majority of the job responsibilities for this positon would include aide duties. Accordingly, the board determined that experience as an aide was the most important consideration in filling the aide/autism mentor positons and the board's decision to fill the employment position with applicants who held more seniority in the aide classification than Ms. Bowyer was not arbitrary and capricious. The ALJ also found that it was not arbitrary or capricious for the board to select an applicant for the aide/autism mentor position (other than Ms. Bowyer), where the applicant was certified to hold the position and held the same position in previous summers.

Ms. Bowyer appealed the ALJ's decision to circuit court.[1] By order dated January 24, 2014, the circuit court affirmed the ALJ's August 22, 2013, decision. Ms. Bowyer now appeals the circuit court's January 24, 2014, order, but objects only to the denial of her grievance as it relates to the placement of one of the candidates in the aide/autism mentor positions.[2]

## Standard of Review

The grounds for appealing a Grievance Board decision are set forth in West Virginia Code § 6C-2-5(b) (2010 Repl. Vol.):

A party may appeal the decision of the administrative law judge on the grounds that the decision:

[1] No hearing was held on Ms. Bowyer's appeal of the ALJ's August 22, 2013, decision to the Circuit Court of Kanawha County.

[2] Ms. Bowyer's appeal herein addresses only the placement of one of the candidates in the aide/autism mentor positions – the candidate who previously served as an aide/autism mentor at New River Elementary School in previous summers.

(1) Is contrary to law or a lawfully adopted rule or written policy of the employer;

(2) Exceeds the administrative law judge's statutory authority;

(3) Is the result of fraud or deceit;

(4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In *Martin v. Barbour Cnty. Bd. of Educ.*, 228 W.Va. 238, 719 S.E.2d 406 (2011) at syllabus points one, two, and three, we articulated the following standard of review:

1. When reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge.

2. "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syl. pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

3. "A final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C-2-1], *et seq.* [ ], and based upon findings of fact should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).

With this in mind, we proceed to consider the parties' arguments.

**Discussion**

West Virginia Code § 18-5-39(f) provides, in part, that

> [a]n employee who was employed in any service personnel job or positon during the previous summer shall have the option of retaining the job or positon if the job or positon exists during any succeeding summer. If the employee is unavailable or if the position is newly created, the positon shall be filled pursuant to section eight-b [§ 18A-4-8b], article four, chapter eighteen-a of this code.

Ms. Bowyer argues that West Virginia Code § 18-5-39(f) is inapplicable to the placement of a candidate in the aide/autism mentor position, when the aide/autism mentor positon at New

River Elementary in summer of 2012 was a newly created position.[3] As a newly created position, Ms. Bowyer alleges that position should have been filled pursuant to West Virginia Code § 18A-4-8g(j), which requires that "[s]ervice personnel who are employed in a classification category of employment at the time when a vacancy is posted in the same classification category of employment shall be given first opportunity to fill the vacancy."

Ms. Bowyer notes that one of the candidates who was selected for the aide/autism mentor position did not hold the classification of autism mentor and was not certified as an autism mentor at the time the aide/autism mentor positon was posted.[4] As such, Ms. Bowyer contends this candidate was not qualified and Ms. Bowyer, who was qualified at the time of posting, was entitled to first priority in filling the positon.

We find that it was not unreasonable for the board to examine the primary responsibilities of the job position and then look to an applicant's seniority as part of the selection process. It has been the long-standing rule of this Court that "[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel. Nevertheless, this discretion must be exercised reasonably, in the best interest of the schools, and in a manner which is not arbitrary and capricious." Syl. Pt. 3, *Dillion v. Wyoming Cnty. Bd. of Educ.*, 177 W.Va. 145, 351 S.E.2d 58 (1986). Arbitrary and capricious actions have been found to be closely related to ones that are unreasonable. *State ex rel. Eads v. Duncil*, 196 W.Va. 604, 613, 474 S.E.2d 534, 543 (1996). In *Eads*, this Court (citing *Arlington Hosp. v. Schweiker*, 547 F.Supp. 670 (E.D. Va. 1982)), reasoned that an action is recognized as arbitrary when "it is unreasonable, without consideration, and in disregard of facts and circumstances of the case." *Eads*, 196 W.Va. at 614, 474 S.E.2d at 544.

In this case, the board's actions in determining that the majority of the responsibilities of the aide/autism mentor positon would be aide duties and looking to candidates with the most seniority in the aide classification was not arbitrary and capricious. We further find, in accord with the ALJ's reasoning and our ruling in *Keatley v. Mercer Cnty. Bd. of Educ.*, 200 W.Va. 487, 490 S.E.2d 306 (1997), that the employee who was selected for the aide/autism mentor position (over Ms. Bowyer) was qualified for the position before the beginning of the assignment and, accordingly, her placement in that position was not clearly wrong.

For the foregoing reasons, we find no error in the decision of the circuit court, and the circuit court's order affirming the decision of the grievance board is hereby affirmed.

---

[3] Ms. Bowyer did not make any arguments before the lower tribunals that the aide/autism mentor positions at New River Elementary in the summer of 2012 were newly created positions. The record is devoid of any evidence to establish that a new aide/autism mentor position was created in the summer of 2012. In fact, the uncontradicted testimony of the board's personnel director (during the level three grievance hearing) established that one of the candidates selected for the position held one of the same itinerant special education autism mentor positions for summer programs not just is 2011, but also in previous summers.

[4] This candidate did not obtain her autism mentor certification until May 18, 2012, eleven days after the position was filled, but before the beginning of the summer 2012 term.

                                                            Affirmed.

**ISSUED:**  November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman